THE HONORABLE RICHARD A. JONES

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  vs.<br><br>ROBERT ANDRE FRAZIER,<br><br>    Defendant. | No. CR16-00033-RAJ<br><br>DEFENDANT'S MOTION TO DISMISS FOR VIOLATION OF <u>BRADY V. MARYLAND</u> AND GOVERNMENT MISCONDUCT<br><br>**ORAL ARGUMENT REQUESTED** |

## I. **RELIEF REQUESTED**

Defendant Robert Frazier, by and through his attorneys Lee Covell and Emily M. Gause, ask this Court to dismiss the indictment for a flagrant violation of <u>Brady v. Maryland</u> and government misconduct in failing to disclose exculpatory evidence known to the Government since November 9, 2015 that was willfully suppressed from the defendant until the day before his suppression hearing (July 22, 2016). Such misconduct cannot be tolerated.

## II. **RELEVANT FACTS**

Mr. Frazier was arraigned on one count of Felon in Possession of a Firearm on February 16, 2016. At that time, defense counsel requested discovery pursuant to local rules. Local Rule 16 requires the Government to provide "evidence favorable to the defendant and material to the defendant's guilt or punishment to which he is entitled to pursuant to <u>Brady v. Maryland</u> and <u>United States v. Agurs</u>." The currently assigned

LAW OFFICES OF EMILY M. GAUSE, PLLC
1001 FOURTH AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98154
(206) 660-8775 • FAX: (206) 389-1708

Assistant United States Attorney has been assigned to this case from arraignment, for the past five months.

Prior to today, defense was aware that there was a confidential informant (CI) which provided the sole basis to begin investigating Mr. Frazier. All incriminating information was solely provided by this confidential informant, as law enforcement merely corroborated innocuous facts when they observed Mr. Frazier at a motel for one hour on one day prior to their decision to arrest and search Mr. Frazier.  Mr. Frazier challenged the CI's information and veracity by way of his motion to suppress filed on June 22, 2016. That motion is scheduled to be argued on Monday, July 25, 2016 at 9:00 a.m.

Defense counsel has requested contemporaneous notes or other documentation of CCO Rongen's interactions with the CI because the only summary of his discussions with the CI is found in his November 18, 2015 report written *after* Mr. Frazier's arrest and the search of a third-party's vehicle. The Government has not provided any materials responding to the defense request to date.

Today, Friday, July 22, 2016, at 11:25 a.m., defense counsel received an email disclosing for the first time that the confidential informant failed a polygraph around the same time that he was providing information about Mr. Frazier to CCO Rongen.  Exhibit A.  The Government also informed defense counsel that it was adding two Government witnesses for the suppression hearing scheduled for the following day. Ex. A.  There is no reference to either witness in all of Mr. Frazier's discovery. Mr. Frazier was completely unaware that either of these two witnesses were in anyway involved in his case until the (business) day before his suppression hearing.

Apparently, and conveniently, one of these witnesses will provide hearsay information about what the confidential informant told CCO Rongen on November 6, 2016.  This witness, CCO Leslie O'Connor, is not mentioned once in Mr. Frazier's DOC chronos.  This witness is also not mentioned in CCO Rongen's report.  There is no report or document provided to defense authored by CCO O'Connor.  Instead, this witness is expected to testify based on her personal knowledge and memory from eight months ago about a conversation she overheard between CCO Rongen and the confidential informant.

Another witness disclosed to defense just one day prior the suppression hearing is CCO Patricia Turner, also not mentioned once in all of Mr. Frazier's DOC records.  She is

DEFENDANT'S MOTION TO DISMISS FOR
VIOLATION OF <u>BRADY V. MARYLAND</u> AND
GOVERNMENT MISCONDUCT - 2

LAW OFFICES OF EMILY M. GAUSE, PLLC
1001 FOURTH AVENUE, SUITE 4400
SEATTLE, WASHINGTON  98154
(206) 660-8775 • FAX: (206) 389-1708

expected to testify that the CI failed a polygraph that was taken *during the time* that the CI was providing information about Mr. Frazier. Ex. A.  Defense does not have any further information about the polygraph or any report from CCO Turner.

A subsequent email sent today, Friday, July 22, 2016, at 2:45 p.m., one day prior the suppression hearing, further discloses that the CI took the polygraph on *November 6*, the same exact day he first provided information about Mr. Frazier to DOC. Ex. B.  Further, the results of that polygraph were received on *November 9*, and *still* CCO Rongen continued to use the CI as his sole basis for developing reasonable cause to find Mr. Frazier in violation of his DOC conditions.  A subsequent meeting between CCO Rongen and the CI on November 15 is the first time that CCO Rongen allegedly learns that Mr. Frazier is "staying" at the Star Motel and might be in possession of a firearm.

The defense is still waiting for subsequent information regarding these disclosures. The Government advises more information is coming.

## III.    ARGUMENT

As the United States Supreme Court stated in <u>Brady v. Maryland</u>, "the suppression by the prosecution of evidence favorable to an accused… violated due process … irrespective of the good faith or bad faith of the prosecution."  373 U.S. 83, 87, 83 S.Ct. 1194, 1196-1197, 10 L.Ed.2d 215 (1963). The Due Process Clause of the Fourteenth Amendment to the United States Constitution requires the Government to reveal any information it actually or constructively possesses and which information is favorable to the defendant and material to the issue of guilt or punishment, or in any way discredits the Government's case. <u>Brady v. Maryland</u>, 373 U.S. 83, 87 (1963).  Favorable evidence under <u>Brady</u> includes not only exculpatory evidence but also impeachment evidence.  <u>Giglio v. United States</u>, 405 U.S. 150, 154–55, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972).  Due process requires disclosure of any evidence that provides grounds for the defense to attack the reliability, thoroughness, and good faith of the police investigation, to impeach the credibility of the state's witnesses, or to bolster the defense case against prosecutorial attacks. <u>Kyles v. Whitley</u>, 514 U.S. 419, 437, 115 S.Ct. 1555, 131 L.Ed.2d 490 (1995).

<u>Brady</u> obligations extend not only to evidence requested by the defense but also to favorable evidence not specifically requested by the defense.  <u>United States v. Agurs</u>, 427 U.S. 97, 110, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976).  Although the <u>Brady</u> rule often is

DEFENDANT'S MOTION TO DISMISS FOR
VIOLATION OF <u>BRADY V. MARYLAND</u> AND
GOVERNMENT MISCONDUCT - 3

LAW OFFICES OF EMILY M. GAUSE, PLLC
1001 FOURTH AVENUE, SUITE 4400
SEATTLE, WASHINGTON  98154
(206) 660-8775 • FAX: (206) 389-1708

phrased in terms of information "known to the prosecution," the prosecution's "knowledge" for this purpose clearly extends beyond the personal knowledge of the prosecuting attorney representing the Government at trial. Giglio v. United States, 405 U.S. 150, 154 (1972). The government must not only disclose evidence possessed by prosecutors but also evidence possessed by law enforcement as well. Kyles at 437. "The individual prosecutor has a duty to learn of any favorable evidence known to others acting on the government's behalf in the case, including the police." Kyles v. Whitley, 514 U.S. 419, 437 (1995). "Brady obligations include not only evidence in the prosecutor's file but also include evidence in the possession of the police and others working on the Government's behalf." Kyles, 514 U.S. at 438, 115 S.Ct. 1555. The Government must resolve doubts regarding disclosure in favor of sharing the evidence with the defense. Giglio at 154. Further, the Government has a *continuing duty* to disclose discoverable information in a criminal prosecution. Id.

To establish a Brady violation, a constitutional due process violation warranting dismissal, a defendant must demonstrate the existence of each of three elements: "(1) The evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching; (2) that evidence must have been suppressed by the Government, either willfully or inadvertently; and (3) prejudice must have ensued." Strickler v. Greene, 527 U.S. 263, 281–82, 119 S.Ct. 1936, 144 L.Ed.2d 286 (1999) (emphasis added). As courts conduct an analysis under Brady, they consider not only its discrete elements but its animating purpose as well: "The animating purpose of Brady is to preserve the fairness of criminal trials." Morris v. Ylst, 447 F.3d 735, 742 (9th Cir. 2006) (citing Brady, 373 U.S. at 87, 83 S.Ct. 1194).

This indictment should be dismissed because the Government sat on material impeaching evidence for eight months without ever disclosing it to defense. This Court does not need to find that the Government acted in bad faith to find a Brady violation. Yet, it does appear that CCO Rongen, an agent acting on behalf of the Government in Mr. Frazier's case, did act in bad faith when he failed to disclose the material impeaching evidence for his star witness who provided the sole basis for beginning an investigation into Mr. Frazier. CCO Rongen knew on November 9, 2015 that his CI had failed a polygraph. "The personal responsibility [of a prosecutor] cannot be evaded by claiming

DEFENDANT'S MOTION TO DISMISS FOR
VIOLATION OF BRADY V. MARYLAND AND
GOVERNMENT MISCONDUCT - 4

LAW OFFICES OF EMILY M. GAUSE, PLLC
1001 FOURTH AVENUE, SUITE 4400
SEATTLE, WASHINGTON  98154
(206) 660-8775 • FAX: (206) 389-1708

lack of control over the files or procedures of other executive branch agencies." <u>United States v. Jennings,</u> 960 F.2d 1488, 1490-1491 (9th Cir. 1992); *See also* <u>United States v. Henthorn,</u> 931 F.2d 29, 30 (9th Cir. 1991); <u>United States v.. Cadet,</u> 727 F.2d 1453, 1467 (9ᵗʰ Cir. 1984).

As the United States Supreme Court stated in <u>Brady v. Maryland</u>, "the suppression by the prosecution of evidence favorable to an accused… violated due process … irrespective of the good faith or bad faith of the prosecution." 373 U.S. 83, 87, 83 S.Ct. 1194, 1196-1197, 10 L.Ed.2d 215 (1963).  The Government had a duty under Local Rule 16 and <u>Brady v. Maryland</u> to disclose all information that was material to Mr. Frazier's case.  By withholding material impeachment evidence, the Government violated its duty to disclose under <u>Brady v. Maryland</u>.  Although dismissal is a severe sanction, it will put the Government on future notice that this type of behavior is not to be tolerated in a system that must recognize the due process rights of all accused persons who come before it.  Mr. Frazier's rights have been substantially prejudiced in that he must now choose between his right to a fair trial with effective assistance of counsel or his right to a speedy trial.  The Government became aware that the veracity of the Confidential Informant (CI) was being challenged by defense on June 29, 2016 when defense filed a motion to suppress in this case.  Now, a month later, we have a late disclosure the day before Mr. Frazier's suppression hearing that is directly material to the suppression issues and impeaches the CI.  Waiting until the very last minute to dump material information on the defense is government misconduct.

## IV.     CONCLUSION

*"There is an epidemic of <u>Brady</u> violations abroad in the land, only judges can put a stop to it."*

<u>United States v. Olsen</u>, 737 F.3d 625 (9th Cir. 2013) (Chief Judge Kozinski, dissenting).

For the reasons stated above, Mr. Frazier urges this Court to dismiss the indictment for flagrant violation of <u>Brady v. Maryland</u>, finding prejudice to Mr. Frazier's right to effective assistance of counsel or forcing him to waive his right to speedy trial, and government misconduct warranting dismissal.

DEFENDANT'S MOTION TO DISMISS FOR
VIOLATION OF <u>BRADY V. MARYLAND</u> AND
GOVERNMENT MISCONDUCT - 5

LAW OFFICES OF EMILY M. GAUSE, PLLC
1001 FOURTH AVENUE, SUITE 4400
SEATTLE, WASHINGTON  98154
(206) 660-8775 • FAX: (206) 389-1708

1    DATED this 22nd day of July, 2016.

2                                Respectfully submitted,

3
                                 s/ Emily M. Gause
4                                EMILY M. GAUSE, WSBA #44446
                                 Attorney for Robert Andre Frazier
5                                1001 Fourth Avenue, Suite 4400
                                 Seattle, WA 98154
6                                206-660-8775 fax: 206-389-1708
                                 Email: emily@emilygauselaw.com
7

8                                s/ Lee A. Covell
                                 LEE A. COVELL, WSBA # 952
9                                Attorney for Robert Andre Frazier
                                 119 First Avenue South, Suite 500
10                               Seattle, WA 98104
                                 206-682-6644 fax: 206-682-3002
11                               Email: leecovell@aol.com

12

13

14                    CERTIFICATE OF SERVICE

15        I hereby certify that on this day, I electronically filed Defendant Robert Andre

16   Frazier's Motion to Dismiss for Violation of Brady v. Maryland and Government

17   Misconduct with the clerk of the court using the CM/ECF system which will send

18   notification of such filing to all parties of record.

19        Dated this 22nd day of July, 2016.

20

21                               s/ Emily M. Gause
                                 Emily M. Gause, WSBA #44446
22                               1001 Fourth Avenue, Suite 4400
                                 Seattle, WA 98154
23                               206-660-8775 fax: 206-389-1708
                                 Email: emily@emilygauselaw.com

24

DEFENDANT'S MOTION TO DISMISS FOR
VIOLATION OF BRADY V. MARYLAND AND
GOVERNMENT MISCONDUCT - 6

LAW OFFICES OF EMILY M. GAUSE, PLLC
1001 FOURTH AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98154
(206) 660-8775 • FAX: (206) 389-1708