The Honorable Richard A. Jones

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>ROBERT A. FRAZIER,<br>Defendant. | No. CR16-33 RAJ<br><br>GOVERNMENT'S NOTICE OF WITHDRAWAL OF RELIANCE ON INFORMANT AS BASIS FOR SEARCH OF DEFENDANT'S CAR AND MOTEL ROOM |

**INTRODUCTION**

The United States of America, by and through Annette L. Hayes, United States Attorney for the Western District of Washington, and Erin H. Becker and André M. Peñalver, Assistant United States Attorneys for said District, gives notice to the defendant and the Court that it is withdrawing its reliance on an argument, articulated in the Government's Response to Defendant's Motion to Suppress, that information provided by a then-confidential source to CCS Kris Rongen established reasonable suspicion that Frazier possessed a firearm. Instead, the government will rely solely on the other arguments made in its Response, including that the Fourth Amendment does not prohibit suspicionless searches of parolees; that Washington law does not require reasonable suspicion to search parolees; that CCS Rongen's independent investigation provided reasonable suspicion that the defendant was in violation of his parole conditions; and that

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

the defendant's conduct in running the car he was driving into a law enforcement vehicle and fleeing also established reasonable suspicion that the defendant was in violation of his parole conditions.

## NOTICE OF WITHDRAWAL OF ARGUMENT

As set forth in the Declaration of Erin H. Becker, Dkt. 101, and the Government's Response to Defendant's Motion to Suppress, Dkt. 86, the investigation that led to the defendant's arrest on November 17, 2015, began when a known Department of Corrections (DOC) informant, now identified to the defendant, reported to DOC that the defendant was planning retribution for his uncle's murder. Community Corrections Specialist (CCS) Kris Rongen met in person with the informant and obtained from him detailed information about the cause for the informant's concern, then later developed information from his own observations and other sources that demonstrated that the defendant was violating the conditions of his parole. Based on this subsequent DOC investigation, on November 17, 2015, DOC personnel arrested the defendant, searched the motel where he was staying and the car that he was driving, and located a firearm, zip ties, and two masks. Because CCS Rongen independently established reasonable suspicion that the defendant was violating the conditions of his parole—by not staying at his approved residence and by ramming the car he was driving into a law enforcement vehicle—the veracity of the informant, and the reliability of the information that he provided to CCS Rongen, was not relevant to the defendant's arrest and subsequent search.

Shortly after the defendant was arraigned on the indictment, the informant died. Because he could not be a witness, and because the government did not at that time expect to rely on any information that the informant had provided, investigation on the case turned elsewhere.

After the defendant filed a motion to suppress the evidence recovered from the car and motel, however, the government developed an additional theory to support the warrantless searches, namely, that the information provided by the informant regarding

*United States v. Frazier*, CR16-33 RAJ
Government's Notice of Withdrawal of Reliance on
Informant as Basis for Search of Defendant's Car and Motel - 2

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1 the defendant's possession of a firearm provided reasonable suspicion to conduct a
2 warrantless search of the defendant.  The veracity of the informant was implicated by this
3 theory, because there was no independent corroboration of the informant's tip that the
4 defendant possessed a gun.  Accordingly, the government returned to the question of the
5 informant's veracity, obtained information that would be helpful to the defense in
6 undermining his veracity, promptly produced it, and later disclosed the informant's
7 identity as well.

8     Now, upon further evaluation of the issues raised by the additional theory, the
9 government withdraws its argument—developed for the first time in response to the
10 defendant's motion to suppress—that the informant's tip provided reasonable suspicion
11 that the defendant possessed a firearm.  The government does, however, stand by its other
12 arguments that suppression is not warranted, as none of them relies on the veracity or
13 reliability of the informant.  To the contrary, the validity of its argument that neither the
14 Fourth Amendment nor Washington law protects the parolee-defendant from
15 suspicionless searches, or that CCS Rongen's observations of the defendant at the motel
16 coupled with other information from motel management establish that he was in violation
17 of his conditions of parole, is entirely unconnected to the informant's veracity.
18 //
19 //
20 //
21
22
23
24
25
26
27
28

*United States v. Frazier*, CR16-33 RAJ
Government's Notice of Withdrawal of Reliance on
Informant as Basis for Search of Defendant's Car and Motel - 3

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Because the government has voluntarily abandoned reliance on a legal argument that rests in part on the veracity of the informant, the defendant's motion to dismiss predicated on the government's failure to provide information regarding that informant is moot. Moreover, further evidence undermining the veracity of the non-testifying informant has limited or no relevance to the issues remaining in the case. Nonetheless, while foreswearing reliance on a theory that depends on the veracity of the informant, the government will continue to produce information already promised to the defendant as it becomes available. If additional information beyond what has already been promised is located, the government will either produce it to the defendant or submit it to the court for an *in camera* review.

DATED this 2nd day of August, 2016.

Respectfully submitted,

ANNETTE L. HAYES
United States Attorney

*/s/ Erin H. Becker*
Erin H. Becker
Assistant United States Attorney
700 Stewart Street, Suite 5220
Seattle, WA 98101-1271
Telephone: (206) 553-7970
Fax: (206) 553-0882
E-mail: Erin.Becker@usdoj.gov

*United States v. Frazier*, CR16-33 RAJ
Government's Notice of Withdrawal of Reliance on
Informant as Basis for Search of Defendant's Car and Motel - 4

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

# **CERTIFICATE OF SERVICE**

I hereby certify that on August 2, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the attorneys of record for the defendant.

 *s/ Courtney Goertzen*
COURTNEY GOERTZEN
Legal Assistant
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
Phone: 206-553-7970
Fax: 206-553-0755
E-mail: Courtney.Goertzen@usdoj.gov

*United States v. Frazier*, CR16-33 RAJ
Government's Notice of Withdrawal of Reliance on
Informant as Basis for Search of Defendant's Car and Motel - 5

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970